William J. Rapp, as Executor, etc., of Mary E. Smith, Deceased, Respondent, *v.* Helen Meade Smith, as Executrix, etc., of George Edmund Smith, Deceased, Appellant.

First Department, November 4, 1938.

*Alva Collins* of counsel [*Frederic A. Collins* with him on the brief; *Alva Collins*, attorney], for the appellant.

*William J. Rapp*, for the respondent.

O'MALLEY, J. This action was originally instituted by plaintiff's testatrix (hereinafter designated plaintiff) against her former husband, defendant's testator (hereinafter designated defendant), for conversion of certain shares of stock allegedly given her by him.

The defendant, who died before trial, had given his testimony in an examination before trial wherein he denied recollection of ever having signed a document of the tenor relied upon by the plaintiff.

On the trial plaintiff's attorney, now her executor, testified that the original of the paper relied upon by the plaintiff had disappeared from his office and could not be found; that he had last seen it in his desk early in April, 1935; that there were several carbon copies, together with a photostatic copy, and these too had disappeared at the same time.

His secondary evidence of the paper relied upon was then received. The defendant, as already stated, had denied signing a document of the purport of the one relied upon by the plaintiff, and there was placed in evidence a typewritten copy of a document which defendant's attorney testified had been sent him by plaintiff's attorney while negotiations for settlement were in progress. Plaintiff's attorney denied having sent this copy.

A former partner of plaintiff's attorney has now produced a photostatic copy and two carbon copies of a document signed by the defendant and which corresponds with the typewritten copy produced by her attorney as having been received from plaintiff's attorney. This former partner had taken certain papers with

him when he removed from the suite formerly occupied during the partnership.

The case was sent to the jury with the instructions that plaintiff could not recover on the conversion count here relied upon if the document was found to be the same as the typewritten copy produced by the defendant, but could recover only if the original document was as testified to by plaintiff's attorney.

We think that this new evidence as to the one photostatic and two carbon copies of the document produced may very well result in a different verdict. Such evidence is not cumulative merely. It is entitled to great weight in view of plaintiff's attorney's own testimony on the trial that at one time there were in his possession two carbon and one photostatic copies of the original document. Corresponding as they do with the typewritten copy sworn to have been received from the plaintiff's counsel, these carbon copies and the photostatic copy have a most important bearing on the issue to be tried.

We find nothing in the record whereby defendant's counsel may be charged with lack of proper diligence in failing to discover these papers until after verdict, judgment and satisfaction.

It follows, therefore, that the motion for a new trial on the ground of newly-discovered evidence should have been granted.

The order appealed from should be reversed, with costs, and the motion granted.

MARTIN, P. J., GLENNON, UNTERMYER and CALLAHAN, JJ., concur.

Order unanimously reversed, with costs and disbursements, and motion granted.